UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:13-CR-00048-H

UNITED STATES OF AMERICA                                           PLAINTIFF

V.

CANH JEFF VO, D.O.                                                 DEFENDANT
d/b/a BLUEGRASS WOMEN'S
HEALTHCARE

**MEMORANDUM OPINION AND ORDER**

On March 20, 2013, the United States indicted Defendant, Canh Jeff Vo, D.O. ("Dr. Vo") d/b/a/ Bluegrass Women's Healthcare, for a series of fraud-related crimes based on the allegations that he unlawfully acquired unauthorized reimbursements for foreign-obtained intrauterine devices ("IUDs").[1]  Presently before the Court are Dr. Vo's motions for partial dismissal of the indictment and for a bill of particulars.  For the following reasons, the Court will deny both motions.

I.

Pursuant to Federal Rule of Criminal Procedure 7(f), Dr. Vo moves the Court for a bill of particulars.  The decision of whether to grant a bill of particulars lies within the sound discretion of the trial court.  *United States v. Phibbs*, 999 F.2d 1053, 1086 (6th Cir. 1993).  A court should do so "if it is necessary to avoid surprise at the time of trial, when the indictment is so vague that the defendant cannot prepare his defense, or when the indictment is so indefinite that it would be insufficient to bar a second prosecution for the same crime."  *United States v. Watkins*, 2007 WL

---

[1] Generally, Dr. Vo, a doctor of osteopathic medicine, is charged with the following: misbranding (Count 1), health care fraud (Count 2), mail fraud (Counts 3-12) and smuggling (Count 13).  *See* ECF No. 1.

1

1239208, *1 (W.D. Ky. Apr. 27, 2007) (citing *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993)).  A court should not grant a bill of particulars as a means to assist a defendant in discovery.  Rather, it is intended "to give the defendant . . . that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).  A defendant does not, as a matter of right, have the power "to discover all the overt acts that might be proved at trial." *Salisbury*, 983 F.2d at 1375; *see United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) ("The bill of particulars is not intended as a means of learning the government's evidence and theories.").

Dr. Vo requests that the bill disclose the following: (1) whether the United States will seek to hold Dr. Vo criminally responsible for the conduct of other persons who may have acted on behalf of his medical practice, Bluegrass Women's Healthcare; (2) the identity the persons who Dr. Vo allegedly intended to defraud under Count I of the indictment; and (3) whether Counts 3 through 12 of the indictment seek to impose mail fraud liability for Dr. Vo's receipt of payments from the Kentucky Medicaid Program or for Dr. Vo's receipt of foreign-obtained IUDs, as apparently inconsistently alleged in the chart accompanying the charge.

Dr. Vo's concerns do not merit a bill of particulars.  The information requested is unnecessary for him to properly prepare his defense.  The motion merely attempts to extract the prosecution's means of proving the charges at trial.  However, the indictment delineates each of the elements of the offense and sufficiently advises Dr. Vo of the charges against him. *See United States v. Prentice*, 2011 WL 5507361, *2 (W.D. Ky. Nov. 11, 2011) (stating that courts should "grant bills of particulars when it is necessary to inform the accused of the charge against him with sufficient precision to enable him to prepare his defense [or] to avoid or minimize the danger of surprise at trial") (internal quotations omitted).

The United States detailed the specific acts in each count of the indictment. In addition, the United States has provided Dr. Vo with meaningful discovery, including over seven-hundred pages of documents and a CD containing copies of Dr. Vo's patient records. Moreover, now aware of the charges brought, it is likely that Dr. Vo himself has access to all the pertinent information necessary to prepare his defense and avoid prejudicial surprise at trial. With respect to Counts 3 through 12, the Indictment is clear that the alleged crime stems from receipt of unauthorized reimbursements, despite any inconsistencies in the accompanying chart.

As a whole, the Court concludes that the Indictment and the material presently available to Dr. Vo provide sufficient information as to the charges brought against him, making a bill of particulars unnecessary.

II.

Pursuant to Federal Rule of Criminal Procedure 12(b), Dr. Vo moves the Court to dismiss, in part, the indictment against him. Rule 12(b) permits a criminal defendant to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." FED R. CRIM. P. 12(b). A Rule 12(b) motion is appropriate when it raises questions of law rather than fact. *United States v. Levin*, 973 F.2d 463, 469 (6th Cir. 1992). As explained by the Sixth Circuit in *Levin*,

> Rule 12 of the Federal Rule of Criminal Procedure and its component parts encourage district courts to entertain and dispose of pretrial criminal motions before trial if they are capable of determination without trial of the general issues. Moreover, district courts may make preliminary findings of fact necessary to decide questions of law presented by pretrial motions so long as the trial court's conclusions do not invade the province of the ultimate finder of fact.

*Id.* at 467. "A defense may be properly raised pursuant to Rule 12(b) 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the

3

validity of the defense.'" *United States v. Ali*, 557 F.3d 715, 719 (6th Cir. 2009) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)).

Dr. Vo argues that the facts as alleged in the Indictment do not support the elements contained in the first twelve criminal offenses charged that require a showing of fraud. Specifically, Dr. Vo contends that the United States cannot point to any statute or regulation that supports its assertion that Dr. Vo failed to satisfy legal preconditions for reimbursement from the Kentucky Medicaid Program and private insurers. He maintains that there is no legal authority that prohibited his claims for reimbursement of foreign-obtained IUDs, and as such, he did not defraud the Kentucky Medicaid Program and other private insurers by submitting reimbursement claims for allegedly unauthorized foreign-obtained IUDs.

However, Dr. Vo has not persuaded the Court that, as a matter of law, he was legally entitled to apply for and receive reimbursements for these medical devices. Under the Federal Food Drug and Cosmetic Act, manufacturers of medical drugs and devices must obtain Food and Drug Administration ("FDA") approval before introducing any new drug into the market. *See* 21 U.S.C. § 355 (2013). Inherently, devices that are allegedly smuggled into the United States are not approved, so it could reasonably follow that the government would decline to reimburse medical claims stemming from use of such unapproved devices.

As a general matter, the governing Kentucky Medicaid provisions present a mixed factual and legal issue of whether the United States can prove beyond a reasonable doubt that Dr. Vo acted with the necessary, culpable fraudulent intent to be criminally liable. At trial, the United States will have to introduce evidence of which governing Medicaid regulations deemed Dr. Vo's reimbursements legally unauthorized. *See United States v. Michell*, 165 F. App'x. 821, 826 (11th Cir. 2006) (stating that, at trial, it was "incumbent on the government to introduce

4

evidence of what Medicare laws and regulations permitted and forbad [the conduct performed] during the period alleged in the indictment"). Moreover, there remains a separate, factual issue concerning whether Dr. Vo's interpretation of the relevant provisions constitutes a defense to his alleged actions. The United States will bear the burden of proof at trial that Kentucky's Medicaid Program prohibited Dr. Vo's reimbursement claims and that he possessed the culpable mental state for offenses alleged. Both these issues are open to question.

In addition, Dr. Vo argues that the Court should dismiss Count 3 as time barred. Count 3 alleges one instance of mail fraud, premised upon Dr. Vo's receipt of payments from Medicaid and private insurers. The applicable statute of limitations for mail fraud is five years. *See United States v. Bohn*, 281 F. App'x 430, 433 n.2 (6th Cir. 2008); 18 U.S.C. § 3282. The statute of limitations in a prosecution of mail fraud for receiving fraudulent documents begins to run on the date of receipt. *United States v. Crossley*, 224 F.3d 847, 859 (6th Cir. 2000). It is unclear when Dr. Vo received payment from Medicaid for the claim at issue, but given that the date on which Dr. Vo placed the order for the foreign-obtained IUDs was March 10, 2008, it is highly likely that he received the corresponding government reimbursement sometime after March 20, 2008, the applicable beginning date upon which the statute of limitations commenced for the claims. Again, at trial, it will be incumbent upon the United States to establish that this particular Count is not time barred.

The arguments Dr. Vo raises in this motion are largely defenses that are more appropriately raised at trial. As such, the Court denies Dr. Vo's motion for partial dismissal of the Indictment.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for partial dismissal of the Indictment is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for a bill of particulars is DENIED.

cc:     Counsel of Record